ORIGINAL

FILED
SEP 11 2006
U.S. COURT OF FEDERAL CLAIMS

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

AMERICAN AIRLINES, INC.

Plaintiff,

v.

THE UNITED STATES OF AMERICA,

Defendant.

06-641 C

Civil Action No. 04-1736
Judge Susan G. Braden

**NOTICE OF INDIRECTLY-RELATED CASES**

Pursuant to Rule 40.2(b) of the Rules of the United States Court of Federal Claims, American Airlines, Inc. ("AA"), Continental Airlines, Inc. ("Continental"), and United Air Lines, Inc. ("United"), as Plaintiffs in the following three cases, respectfully submit this Notice of Indirectly-Related Cases:[1]

1. *American Airlines, Inc. v. United States*, Civil Action No. 04-1736
2. *Continental Airlines, Inc. v. United States*, Civil Action No. 06-432 C
3. *United Air Lines, Inc. v. United States*, Civil Action No. 06-________

Each of these cases seeks the recovery of sums wrongfully exacted from the airlines by the United States in connection with the "Immigration User Fee" and the "Animal and Plant Health Inspection Service User Fee." Airlines are required to collect these user fees from certain international passengers pursuant to federal statutes and regulations. *See* 8 U.S.C. § 1356; 21 U.S.C. § 136a; 8 C.F.R. § 286.1 *et seq.*; 7 C.F.R. § 354.3(f). The United States audited the

[1] On July 12, 2006, AA and Continental filed a Notice of Indirectly-Related Cases (Doc. No. 39) that is substantially identical to this Notice. This Notice reflects the recent filing of a Complaint in United's case. The Court previously stated during a telephone conference in AA's case that it would not seek the transfer of Continental's case from Judge Lawrence S. Margolis.

airlines, including AA, Continental, and United, in connection with their compliance with these statutes and regulations. These audits revealed that AA, Continental, and United successfully collect the vast majority – approximately 97 to 99 percent – of these user fees from their passengers as required.

However, the United States issued assessments against AA, Continental, and United for amounts they did not collect from passengers, and the airlines paid these assessments. These cases seek the return of those paid assessments since there is no statutory or regulatory authority for the United States to hold airlines liable for user fees that are not collected from passengers. To the contrary, the statutes and regulations require airlines to submit to the United States only those user fees that are actually collected from passengers. Accordingly, the assessments for uncollected user fees were illegal exactions for which the airlines may seek redress in this Court pursuant to the Tucker Act, 28 U.S.C. § 1491(a)(1). *See Aerolineas Argentinas v. United States*, 77 F.3d 1564, 1572-73 (Fed. Cir. 1996). This Court has already granted summary judgment in AA's favor on the question of liability. *American Airlines, Inc. v. United States*, 68 Fed. Cl. 723 (2005). That case is proceeding on the question of damages.

Many of the factual issues, on both liability and damages, are the same in the three cases. The cases involve the same user fee statutes and regulations, and the United States' conduct was essentially identical with respect to each airline. The United States assessed amounts representing uncollected user fees against each airline. Further, the United States used the same methodology to make the assessments against each airline. The form of the United States' audit reports issued to each airline is the same, and some of the Government personnel involved in issuing the assessments to the three airlines were the same.

For these reasons, AA, Continental, and United believe that the transfer of the three cases

to the same Judge and the adoption of a coordinated discovery schedule would significantly promote the efficient administration of justice.

Respectfully submitted,

Adam P. Feinberg
MILLER & CHEVALIER CHARTERED
655 Fifteenth Street, N.W.
Washington, D.C. 20005
(202) 626-6087
(202) 628-0858 (Facsimile)

Counsel for Plaintiff American Airlines, Inc.,
Counsel for Plaintiff Continental Airlines, Inc., and
Counsel for Plaintiff United Air Lines, Inc.

*Of Counsel*:

Robert K. Huffman
MILLER & CHEVALIER CHARTERED
655 Fifteenth Street, N.W.
Washington, D.C. 20005
(202) 626-5877
(202) 628-0858 (Facsimile)

Dated: September 11, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that I have this 11th day of September, 2006, caused the foregoing NOTICE OF INDIRECTLY-RELATED CASES to be served by U.S. Mail (with a courtesy copy by e-mail) upon the following:

Kyle Chadwick
Trial Attorney
Commercial Litigation Branch
Civil Division
United States Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington D.C. 20530
telephone: 202-305-7562
facsimile: 202-305-7644
e-mail: Kyle.Chadwick@usdoj.gov

Adam P. Feinberg



642734.1