# Rules and Regulations

Federal Register
Vol. 56, No. 71
Friday, April 12, 1991

This section of the FEDERAL REGISTER contains regulatory documents having general applicability and legal effect, most of which are keyed to and codified in the Code of Federal Regulations, which is published under 50 titles pursuant to 44 U.S.C. 1510.
The Code of Federal Regulations is sold by the Superintendent of Documents. Prices of new books are listed in the first FEDERAL REGISTER issue of each week.

## DEPARTMENT OF AGRICULTURE

### Office of the Secretary

### 7 CFR Part 2

### Delegations of Authority by the Secretary of Agriculture and General Officers of the Department

**AGENCY:** Office of the Secretary, USDA.

**ACTION:** Final rule.

**SUMMARY:** This document amends the delegations of authority from the Secretary of Agriculture and the General Officers of the Department to delegate the authorities of the Secretary of Agriculture under section 214 of the Tobacco Adjustment Act of 1983 and section 1558 of the Food, Agriculture, Conservation, and Trade Act of 1990.

**EFFECTIVE DATE:** April 12, 1991.

**FOR FURTHER INFORMATION CONTACT:** Harry C. Bryan, Foreign Agricultural Service, United States Department of Agriculture, 14th and Independence Avenue SW., Washington, DC 20250-1400; telephone (202) 382-9494.

**SUPPLEMENTARY INFORMATION:** Section 214 of the Tobacco Adjustment Act of 1983, as added by section 1557 of the Food, Agriculture, Conservation, and Trade Act of 1990, requires exporters and manufacturers of tobacco and tobacco products to report certain information to the Secretary of Agriculture (hereafter "the Secretary"). Section 214 provides that the information received be submitted by the Secretary to the Committee on Agriculture of the House of Representatives and the Committee on Agriculture, Nutrition, and Forestry of the Senate.

Section 1558 of the Food, Agriculture, Conservation, and Trade Act of 1990 requires the Secretary to collect information pertaining to the country of origin of exported raw peanuts and provides that the information be submitted to the above mentioned Congressional Committees.

The delegations of authority of the Department of Agriculture are amended to delegate to the Under Secretary for International Affairs and Commodity Programs the Secretary's authorities set forth in section 214 of the Tobacco Adjustment Act of 1983 and section 1558 of the Food, Agriculture, Conservation, and Trade Act of 1990 and to further delegate these authorities to the Administrator, Foreign Agricultural Service.

This rule relates to internal agency management. Therefore, pursuant to 5 U.S.C. 553, notice of proposed rulemaking and opportunity for comment are not required, and this rule may be made effective less than 30 days after publication in the **Federal Register.** Further, since this rule relates to internal agency management, it is exempt from the provisions of Executive Order 12291. Finally, this action is not a rule as defined by the Regulatory Flexibility Act, Public Law 96-354, and, thus, is exempt from the provisions of that Act.

**List of Subjects in 7 CFR Part 2**

Authority delegations (Government agencies).

## PART 2—DELEGATIONS OF AUTHORITY BY THE SECRETARY OF AGRICULTURE AND GENERAL OFFICERS OF THE DEPARTMENT

Accordingly, part 2, title 7, Code of Federal Regulations is amended as follows:

1. The authority citation for part 2 continues to read as follows:

**Authority:** 5 U.S.C. 301 and Reorganization Plan No. 2 of 1953.

### Subpart C—Delegations of Authority to the Deputy Secretary, the Under Secretary for International Affairs and Commodity Programs, the Under Secretary for Small Community and Rural Development, and Assistant Secretaries

2. Section 2.21 is amended by adding new paragraphs (d)(33) and (d)(34) to read as follows:

**§ 2.21 Delegations of authority to the Under Secretary for International Affairs and Commodity Programs.**

* * * * *

(d) *Related to foreign agriculture.*

* * * * *

(33) Administer section 214 of the Tobacco Adjustment Act of 1983 (7 U.S.C. 509).

(34) Administer section 1558 of the Food, Agriculture, Conservation, and Trade Act of 1990 (7 U.S.C. 958).

### Subpart H—Delegations of Authority by the Under Secretary for International Affairs and Commodity Programs

3. Section 2.68 is amended by adding new paragraphs (a)(36) and (a)(37) to read as follows:

**§ 2.68 Administrator, Foreign Agricultural Service.**

(a) *Delegations.*

* * * * *

(36) Administer section 214 of the Tobacco Adjustment Act of 1983 (7 U.S.C. 509).

(37) Administer section 1558 of the Food, Agriculture, Conservation, and Trade Act of 1990 (7 U.S.C. 958).

For subpart C:

**Edward Madigan,**

*Secretary of Agriculture.*

Dated: April 8, 1991.

For subpart H:

**Richard T. Crowder,**

*Under Secretary for International Affairs and Commodity Programs.*

Dated: March 27, 1991.

[FR Doc. 91-8663 Filed 4-11-91; 8:45 am]

BILLING CODE 3410-10-M

## Animal and Plant Health Inspection Service

### 7 CFR Parts 320, 330, 352 and 354

**[Docket 91-028]**

**RIN 0579-AA43**

### User Fees

**AGENCY:** Animal and Plant Health Inspection Service, USDA.

**ACTION:** Final rule.

**SUMMARY:** We are amending 7 CFR parts 320, 330, 352 and 354, to establish user fees for agricultural quarantine and inspection services we provide in connection with the arrival at ports in the customs territory of the United States of commercial vessels, commercial trucks, commercial railroad



HeinOnline -- 56 Fed. Reg. 14837 1991

cars, and passengers on commercial aircraft. This action implements section 2509 of the Food, Agriculture, Conservation and Trade Act of 1990 (21 U.S.C. 136a) and section 1203 of the Omnibus Budget Reconciliation Act of 1990 (Public Law 101-508).

The effect of these regulations is to require certain persons to pay fees for agricultural quarantine and inspection services.

**EFFECTIVE DATE:** May 13, 1991.

**FOR FURTHER INFORMATION CONTACT:** Charles A. Havens, Chief Operations Officer, Port Operations, PPQ, APHIS, USDA, Federal Building, Room 635, 6505 Belcrest Road, Hyattsville, MD 20782, 301-436-8295.

**SUPPLEMENTARY INFORMATION:**

## Background

*User Fees for International Inspection Services*

The Food, Agriculture, Conservation and Trade Act of 1990, as amended by the Omnibus Budget Reconciliation Act of 1990, hereinafter referred to as the Farm Bill, authorizes the Secretary of Agriculture to prescribe and collect fees to cover the costs of providing certain agricultural quarantine and inspection services. The services are "agricultural quarantine and inspection services in connection with the arrival at a port in the customs territory of the United States,[1] or the preclearance of preinspection at a site outside the customs territory of the United States, of an international passenger, commercial vessel, commercial aircraft, commercial truck, or railroad car" (section 2509 of the Farm Bill). In this document we will refer to these services as AQI services.

It should be noted that the Farm Bill does not authorize the Secretary of Agriculture to charge a user fee for pedestrians or private vehicles entering the customs territory of the United States.

The Farm Bill establishes a fund in the Treasury of the United States, known as the "Agricultural Quarantine Inspection User Fee Account" (the Account) for the Secretary of Agriculture to use for fees collected for AQI services. All fees collected for AQI services are to be deposited in the Account. Fees collected within a calendar quarter are to be deposited no later than 31 days after the close of that quarter. The Farm Bill further requires the Secretary of the Treasury to reimburse, from the Account, any appropriations accounts that incur costs associated with AQI services for which the Secretary of Agriculture is authorized to collect user fees, if the amounts are provided in advance in appropriation acts. (See section 2509(a)(3)(B)(ii) of the Farm Bill).

## Proposed Rule

On February 27, 1991, we published a document in the **Federal Register** (56 FR 8148-8156, Docket Number 90-247) in which we proposed to amend 7 CFR parts 320, 330, 352 and 354, to establish user fees for agricultural quarantine and inspection services we provide in connection with the arrival at ports in the customs territory of the United States of commercial vessels, commercial trucks, commercial railroad cars, and passengers on commercial aircraft. This action implements portions of the Farm Bill. We also proposed in that document to amend 7 CFR parts 318 and 354, to establish user fees for agricultural quarantine and inspection services we provide in connection with the departure of passengers from Puerto Rico and Hawaii on certain domestic airline flights. These amendments were proposed under authority of 31 U.S.C. 9701 (the User Fee Statute).

We solicited comments concerning our proposal for a 15-day period ending March 14, 1991. We received 61 comments by the date. They were from maritime and shipping interests, both international and domestic, customs brokers, Members of Congress, airlines and travel organizations, state governments, and other interested persons. We have carefully considered the comments received in response to the proposal, and they are discussed below by topic.

*User Fees Relating to Passengers Departing Hawaii or Puerto Rico*

As explained above, our proopsal included regulations establishing an APHIS user fees for inspection relating to passengers departing Hawaii and Puerto Rico on commercial aircraft destined to other parts of the United States. We received numerous comments addressing this issue. In addition, during the time since we published our proposal, Congress has indicated a desire to consider this issue. According to the *Congressional Record* (102 Cong. Rec. H2031 (daily ed. March 22, 1991)), members of the Committee of Conference on H.R. 1281 (emergency supplemental appropriations for the fiscal year ending September 30, 1991) "* * * are concerned with implementing domestic user fees without specific approval of the Congress. Accordingly, the conferees expect the Animal and Plant Health Inspection Service not to include domestic user fees until the Congress has considered them."

Several issues raised by commenters with respect to these domestic user fees remain unresolved. However, it is our intention to implement domestic user fees and we intend to publish a separate final rule in this regard by April 17, 1991. As part of that document, we will discuss the comments we received which addressed these issues.

*Requests for Extension of Comment Period*

Many comments requested more time to comment on the proposed regulations. One letter stated that providing less than 30 days for comments was a violation of the Administrative Procedure Act (APA).

We realize the comment period for these regulations was unusually short. However, the APA provides only that: "After notice * * * the agency shall give interested persons an opportunity to participate in the rule making through submission of written data, views, or arguments with or without opportunity for oral presentation." (See 5 U.S.C. 553(c)) As explained in the proposal, the Animal and Plant Health Inspection Service (APHIS) must institute user fees as soon as possible. Time considerations do not allow for a longer comment period. We believe the comment period provided was reasonable under the circumstances. Moreover, the fact that we received 61 comments, many of which were extensive, leads us to believe that the comment period was adequate.

*Request for Delay of Effective Date*

Many other comments stated that the effective date of the regulations should be delayed. One letter asserted that providing fewer than 30 days between publication of a final rule and its effective date is a violation of the APA. Among the reasons given for requesting the delay of the effective date of the regulations were to allow adequate time to reprogram computers and to inform and train ticket agents in the new requirement.

We do not agree that providing less than 30 days between publication of a final rule and its effective date is a violation of the APA. The APA allows a shorter period "as otherwise provided by the agency for good cause found and published with the rule." (See 5 U.S.C. 553(d)(3)) Our proposed regulations included an explanation of the time restraints and a finding of good cause.

However, we have determined that the effective date of the regulations should be adjusted to allow affected

[1] The Farm Bill defines "customs territory of the United States" as "[t]he 50 States, the District of Columbia, and Puerto Rico." (§ 2509(f)(2))



HeinOnline -- 56 Fed. Reg. 14838 1991