IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CONTINENTAL AIRLINES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 06-432C |
| v. | ) | (Senior Judge Margolis) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

RCFC 56(f) DECLARATION OF KYLE CHADWICK

1. I, Kyle Chadwick, am the attorney of record for the United States in this matter and, as such, am familiar with the Government's litigating positions and potential discovery needs. I declare as follows under penalty of perjury, pursuant to 28 U.S.C. § 1746.

2. Paragraph 10 of Continental Airlines's proposed findings of uncontroverted fact alleges that Continental has since 1999 "had effective policies, procedures, and systems" relating to the collection of the user fees at issue in this case. The Government possesses little or no independent knowledge regarding these alleged policies, procedures, or systems, and could obtain that information only through discovery.

3. Paragraphs 11 and 12 of Continental's proposed findings allege that Continental has encountered "difficulties" in collecting the user fees at issue from "some" passengers from countries in Central and South America that are served by Continental. The Government possesses no independent knowledge of this alleged phenomenon and could obtain this information only through discovery.

4. Paragraph 13 of Continental's proposed findings discusses reasons that "some" passengers and travel agents in "some" countries allegedly providing for not paying or collecting the user fees at issue. The Government possesses no independent knowledge of these alleged remarks and could obtain that information only through discovery.

5. Paragraph 14 of Continental's proposed findings alleges that the circumstances alleged in Continental's paragraphs 11-13 are "well known." The Government is unaware of any public statements to this effect and could test that allegation only through discovery.

6. Paragraph 16 of Continental's proposed findings alleges that "some passengers will not have paid their fees at the time they purchase their tickets." The Government possesses no independent knowledge of whether, or how often, this has occurred, and could obtain that information only through discovery.

7. Paragraph 17 of Continental's proposed findings states, "Some foreign passengers who did not pay user fees when they purchased their tickets also fail to pay the user fees at the airport." The Government possesses no independent knowledge of whether, or how often, this has occurred, and could obtain that information only through discovery.

8. Paragraph 71 of Continental's proposed findings alleges that a specific amount for which Continental was found liable in a user fee audit represents a shortfall in the user fees actually charged to 3,111 passengers by a contractor to Continental. Because the auditors accepted Continental's word for this during the audit, and did not even review the tickets at issue, the Government possesses no independent knowledge of what amounts were actually collected and could obtain that information only through discovery.

9. For the reasons given above, assuming that the Court determines that the proposed findings cited above are, or may be, relevant to the disposition of the parties' cross-motions, the Government cannot present by affidavit facts that would be essential to justify its opposition to Continental's motion for partial summary judgment as to liability. In order to respond substantively, the Government would require a stay or continuance of Continental's cross-motion, in order to conduct discovery concerning these matters.

11. I declare that the foregoing is true and correct to the best of my knowledge and belief.

_ s/Kyle Chadwick

Dated: March 21, 2007