filiated broadcast stations which transmit the programs by regular channels to viewers. No cables are used to relay the microwave signals. The total relay system is leased to the major broadcasting networks which, in turn, sublease to the local broadcast stations.

*Held,* Since the relay system described above is used for transmission of television programs by microwave and not for telephonic communication, such service is not "local telephone service, toll telephone service, or teletypewriter exchange service," as defined by section 4252 of the Internal Revenue Code of 1954. Therefore, amounts paid for the microwave relay service are not subject to the tax on communication services imposed by section 4251 of the Code.

---

*26 CFR 49.4251-1: Imposition of tax. (Also Section 4293.)*

**Amounts paid by the United States Postal Service and the Postal Rate Commission for communication services furnished directly to them are exempt from the communications tax imposed by section 4251 of the Code.**

## Rev. Rul. 72-218

The Postal Reorganization Act, Public Law 91-375, created the United States Postal Service and the Postal Rate Commission.

*Held,* under the provisions of section 4293 of the Internal Revenue Code of 1954 and the Secretary of the Treasury's authorization of June 20, 1947, C.B. 1947-2, 205, the excise tax imposed on communication services by section 4251 does not apply to amounts paid for such services furnished directly to the aforementioned organizations and for which payment is made directly by them.

---

## Section 4252.—Definitions

Whether amounts paid for a microwave television relay service are subject to the tax on communication services imposed by section 4251 of the Code. See Rev. Rul. 72-158, page 342.

---

**Subchapter C.—Transportation by Air**

**Part I.—Persons**

---

## Section 4261.—Imposition of Tax

*(Also Sections 4041, 4271, 4491; 26 CFR 154.1-1, 154.2-1, 154.3-1.)*

**Foreign diplomats, consular and other officers, agencies or commissions of foreign governments, and employees of international organizations are subject to the taxes imposed by the Airport and Airway Revenue Act of 1970.**

## Rev. Rul. 72-10

Advice has been requested as to the applicability of the taxes imposed by the Airport and Airway Revenue Act of 1970 to transactions involving foreign diplomats, consular and other officers, agencies or commissions of foreign governments, and employees of international organizations.

Public Law 91-258, set forth in part in C.B. 1970-1, 361, effective July 1, 1970, states that the purpose of the Act is "to provide for the expansion and improvement of the Nation's airport and airway system, for the imposition of airport and airway user charges, and for other purposes."

The Internal Revenue Code was amended by the Act to provide for the following taxes:

(1) Section 4041(c) of the Code imposes a tax on gasoline and any other liquid either (1) sold by any person to an owner, lessee, or other operator of an aircraft, for use as a fuel in such aircraft in noncommercial aviation, or (2) used by any person as a fuel in an aircraft in noncommercial aviation, unless there was a taxable sale of such liquid under that section.

(2) Section 4261(a) of the Code imposes upon the amount paid for taxable transportation of any person by air a tax at a current rate of 8 percent of the amount so paid. In the case of amounts paid outside the United States for taxable transportation, the tax imposed by that section applies only if such transportation begins and ends in the United States. Section 4261(c) of the Code imposes a tax of $3 upon any amount paid (whether within or without the United States) for any transportation of any person by air, if such transportation begins in the United States, except that the tax does not apply to any transportation all of which is taxable under section 4261(a).

(3) Section 4271 of the Code imposes a tax on the amount paid within or without the United States for the taxable transportation of property by air, if such transportation begins and ends in the United States.

(4) Section 4491(a) of the Code imposes a basic tax of 25 dollars on the use of any taxable civil aircraft during any year. That section also imposes an annual poundage tax of 3½ cents a pound for turbine-engine powered aircraft, and for other than turbine-engine powered aircraft weighing more than 2,500 pounds (1) a tax of 2 cents for each pound of the maximum certificated takeoff weight of the aircraft for the period July 1, 1970 to June 30, 1971, or (2) a tax of 2 cents a pound for each pound of the maximum certificated takeoff weight of the aircraft in *excess* of 2,500 pounds for periods beginning on or after July 1, 1971.

The Airport and Airway Revenue Act cited above provides for user charges in the form of taxes on air transportation, aviation fuel, and use of airport facilities. The Act also provides for the establishment of an Airport and Airway Trust Fund to insure that the aviation user taxes imposed by the Act are expended for the improvement and maintenance of the civil aviation system. The taxes imposed by the Act were intended to be levied upon users of the system who benefit from the resulting services. In this connection, Congress eliminated the previous statutory exemptions which had applied to the then applicable tax on transportation of persons by air and, in doing so, stated "the taxes on the transportation of persons and property by air are now generally viewed as user charges properly applicable in the case of all users." See Senate Report No. 91-706, C.B. 1970-1, 386 at 396.

In view of the foregoing, it is considered that the imposts provided by the Act are not "taxes" as that term is used in international comity and treaties. Accordingly, it is held that the taxes imposed by the Airport and Airway Revenue Act of 1970 are applicable to transportation services involving foreign diplomats, consular and other officers, and agencies or commissions of foreign governments. It is further held that all the taxes imposed by the Act apply with respect to employees of international organizations, even though such employees are otherwise exempt from certain Federal excise

taxes by virtue of statutory or treaty provisions.

Compare Revenue Ruling 296, C.B. 1953-2, 325, that extends, in varying degree, exemptions from Federal excise taxes to foreign diplomatic, consular, and other officers, and agencies and commissions of foreign governments. Unlike the excise taxes to which Revenue Ruling 296 relates, the aviation user taxes imposed by the Airport and Airway Revenue Act are, as previously indicated, in the nature of user charges levied for specific services rendered and are applicable to all users.

---

*(Also Sections 4041, 4271, 4491; 26 CFR 154.1-1, 154.2-1, 154.3-1.)*

**Certain organizations created by Congressional legislation but having separate status from the primary departments of the Federal Government are subject to the taxes imposed by the Airport and Airway Revenue Act of 1970.**

## Rev. Rul. 72-11

Advice has been requested as to the applicability of the taxes imposed by the Airport and Airway Revenue Act of 1970 to transactions involving certain Federally chartered organizations.

Certain United States governmental functions are carried on by organizations created by Congressional legislation, but which have separate status from the primary departments of the Federal Government. In the statutes creating many of these organizations, Congress provided that they be exempt from Federal taxation, the legal incidence of which would otherwise fall upon the particular organization. M.T. 21, C.B. 1944, 594, held that these organizations were exempt from the excise taxes imposed on amounts paid for transportation of persons or property by air.

Public Law 91-258, set forth in part in C.B. 1970-1, 361, effective July 1, 1970, states that the purpose of the Act is "to provide for the expansion and improvement of the Nation's airport and airway system, for the imposition of airport and airway user charges, and for other purposes."

The question presented is whether the Federal organizations described above are exempt from the taxes imposed by the Airport and Airway Revenue Act of 1970, on the same grounds that they were exempt from the Federal excise taxes imposed on the transportation of persons and property prior to July 1, 1970.

The Internal Revenue Code was amended by the Act to provide for the following taxes:

(1) Section 4041(c) of the Code imposes a tax on gasoline and any other liquid either (1) sold by any person to an owner, lessee, or other operator of an aircraft, for use as a fuel in such aircraft in noncommercial aviation, or (2) used by any person as a fuel in an aircraft in noncommercial aviation, unless there was a taxable sale of such liquid under that section.

(2) Section 4261(a) of the Code imposes upon the amount paid for taxable transportation of any person by air a tax at a current rate of 8 percent of the amount so paid. In the case of amounts paid outside the United States for taxable transportation, the tax imposed by that section applies only if such transportation begins and ends in the United States. Section 4261(c) of the Code imposes a tax of $3 upon any amount paid (whether within or without the United States) for any transportation of any person by air, if such transportation begins in the United States, except that the tax does not apply to any transportation all of which is taxable under section 4261(a).

(3) Section 4271 of the Code imposes a tax on the amount paid within or without the United States for the taxable transportation of property by air, if such transportation begins and ends in the United States.

(4) Section 4491(a) of the Code imposes a basic tax of 25 dollars on the use of any taxable civil aircraft during any year. That section also imposes an annual poundage tax of 3½ cents a pound for turbine-engine powered aircraft, and for other than turbine-engine powered aircraft weighing more than 2,500 pounds (1) a tax of 2 cents for each pound of the maximum certificated takeoff weight of the aircraft for the period July 1, 1970 to June 30, 1971, or (2) a tax of 2 cents a pound for each pound of maximum certificated takeoff weight of the aircraft in *excess* of 2,500 pounds for periods beginning on or after July 1, 1971.

The Airport and Airway Revenue Act cited above provides for user charges in the form of taxes on air transportation, aviation fuel, and use of airport facilities. The Act also provides for the establishment of an Airport and Airway Trust Fund to insure that the aviation user taxes imposed by the Act are expended for the improvement and maintenance of the civil aviation system. The taxes imposed by the Act were intended to be levied upon users of the airways system, since these parties derive direct benefit from the airway services provided. In promoting this objective Congress terminated the provision of section 4293 of the Code under which the Secretary of the Treasury had authorized exemption from excise taxes with respect to transportation furnished the United States Government. In terminating this exemption (along with certain other statutory exemptions) Congress stated, in part, "the taxes on the transportation of persons and property by air are now generally viewed as user charges properly applicable in the case of all users." See Senate Report No. 91-706, C.B. 1970-1, 386, at 396.

In view of the foregoing, it is considered that the imposts provided by the Act are not "taxes" as that term is used in the tax exemption provisions of the statutes under which the Federal organizations described above were created. Accordingly, it is held that such organizations are subject to all the taxes imposed by the Airport and Airway Revenue Act of 1970.

---

Applicability of the tax on transportation of persons by air to transportation on an unscheduled basis by small aircraft operated by an airline that is primarily engaged in operating a regularly scheduled air service. See Rev. Rul. 72-219, page 350.

---

*26 CFR 49.4261-1: Imposition of tax; in general.*
*(Also Section 4262; 49.4262(a)-1.)*

**Situations illustrate the applicability of the taxes imposed by section 4261 of the Code on transportation of persons by air and the effect of the 6-hour layover rule regarding certain flights.**

## Rev. Rul. 72-107

Advice has been requested as to the applicability of the taxes imposed by section 4261 of the Internal Revenue