IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CONTINENTAL AIRLINES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 06-432C |
| v. | ) | (Senior Judge Margolis) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S ANSWER TO FIRST AMENDED COMPLAINT, AND AFFIRMATIVE DEFENSES

For its answer to the first amended complaint, defendant, the United States, respectfully admits, denies, and alleges as follows:

The allegations contained in the unnumbered paragraph preceding paragraph 1 constitute legal conclusions and plaintiff's characterization of its case, to which no response is required.

1. The allegations contained in paragraph 1 constitute legal conclusions and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

2. Denies the allegations contained in paragraph 2 for lack of information sufficient to form a response.

3. Admits that defendant is the United States; the remainder of the allegations contained in paragraph 3 constitute legal conclusions and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

4. Admits the allegations contained in paragraph 4 to the extent supported by the statutes or other sources of law implicitly referred to, which are the best evidence of their contents; otherwise denies.

5. Admits the allegations contained in paragraph 5 to the extent supported by the cited statute, which is the best evidence of its contents; otherwise denies.

6. Admits the allegations contained in paragraph 6 to the extent supported by the cited statute, which is the best evidence of its contents; otherwise denies.

7. Admits the allegations contained in paragraph 7 to the extent supported by the cited statute, which is the best evidence of its contents; specifically denies that the statute renders passengers "sole[ly]" responsible for user fees; otherwise denies.

8. Admits the allegations contained in paragraph 8 to the extent supported by the cited statute, which is the best evidence of its contents; otherwise denies.

9. Admits the allegations contained in paragraph 9 to the extent supported by the cited statute and regulations, which are the best evidence of their contents; otherwise denies.

10. Admits the allegations contained in paragraph 10 to the extent supported by the cited statute, which is the best evidence of its contents; otherwise denies.

11. Admits the allegations contained in paragraph 11 to the extent supported by the statutes or other sources of law implicitly referred to, which are the best evidence of their contents; otherwise denies.

12. Admits the allegations contained in paragraph 12 to the extent supported by the cited statute, which is the best evidence of its contents; otherwise denies.

13. Admits the allegations contained in paragraph 13 to the extent supported by the cited statute, which is the best evidence of its contents; otherwise denies.

14. Admits the allegations contained in paragraph 14 to the extent supported by the cited regulations, which are the best evidence of their contents; avers that the regulations were originally promulgated at 7 C.F.R. § 354.3(e); otherwise denies.

15. Admits the allegations contained in paragraph 15 to the extent supported by the cited regulations, which are the best evidence of its contents; otherwise denies.

16. Admits the allegations contained in paragraph 16 to the extent supported by the cited regulations, which are the best evidence of their contents; otherwise denies.

17. Admits the allegations contained in paragraph 17 to the extent supported by the cited statute and regulations, which are the best evidence of their contents; otherwise denies.

18. Denies for lack of information sufficient to form a response.

19. Admits the allegations contained in paragraph 19 to the extent supported by the cited statutes and regulations, which are the best evidence of their contents; otherwise denies.

20. Admits the allegations contained in paragraph 20 that Continental is a large international airline which "is responsible for collecting" the user fees at issue; otherwise denies for lack of information sufficient to form a response.

21. The allegations contained in paragraph 21 constitute legal conclusions and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied for lack of information sufficient to form a response.

22. Admits the "collection rates of user fees" that are approximately alleged in paragraph 22; the remainder of the allegations contained in paragraph 22 constitute legal conclusions and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

23. The allegations contained in paragraph 23 constitute legal conclusions and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

24. Admits the allegations contained in paragraph 24 to the extent supported by the relevant audit reports, which are the best evidence of their contents; otherwise denies.

25. Admits the allegations contained in paragraph 25 to the extent supported by the relevant audit reports, which are the best evidence of their contents; otherwise denies.

26. Admits the allegations contained in paragraph 26 to the extent supported by the relevant audit reports, which are the best evidence of their contents; otherwise denies.

27. Admits the allegations contained in paragraph 27 to the extent supported by the relevant audit reports, which are the best evidence of their contents; otherwise denies.

28. Admits the allegations contained in paragraph 28 to the extent supported by the relevant audit reports, which are the best evidence of their contents; otherwise denies.

29. Admits the allegations contained in paragraph 29 to the extent supported by the relevant audit reports, which are the best evidence of their contents; otherwise denies.

30. Admits the allegations contained in paragraph 30 to the extent supported by the relevant audit reports, which are the best evidence of their contents; otherwise denies.

31. Admits.

32. Admits the allegations contained in paragraph 32 to the extent supported by the relevant audit report, which is the best evidence of its contents; otherwise denies.

33. Admits the allegations contained in paragraph 33 to the extent supported by the relevant audit report, which is the best evidence of its contents; otherwise denies.

34. Admits the allegations contained in paragraph 34 to the extent supported by the relevant audit report, which is the best evidence of its contents; otherwise denies.

35. Admits the allegations contained in paragraph 35 to the extent supported by the relevant audit report, which is the best evidence of its contents; otherwise denies.

36. Admits the allegations contained in paragraph 36 to the extent supported by the relevant audit report, which is the best evidence of its contents; otherwise denies.

37. Admits that plaintiff paid the stated amount on or about the stated date; avers that plaintiff paid this amount in response to a demand for uncollected <u>or</u> <u>unremitted</u> user fees.

38. Admits the allegations contained in paragraph 38 to the extent supported by the relevant audit report, which is the best evidence of its contents; otherwise denies.

39. Admits the allegations contained in paragraph 39 to the extent supported by the relevant audit report, which is the best evidence of its contents; otherwise denies.

40. Admits the allegations contained in paragraph 40 to the extent supported by the relevant audit report, which is the best evidence of its contents; otherwise denies.

41. Admits the allegations contained in paragraph 41 to the extent supported by the relevant audit report, which is the best evidence of its contents; otherwise denies.

42. Admits the allegations contained in paragraph 42 to the extent supported by the relevant audit report, which is the best evidence of its contents; otherwise denies.

43. Admits that plaintiff paid the stated amount on or about the stated date; avers that plaintiff paid this amount in response to a demand for uncollected <u>or</u> <u>unremitted</u> user fees.

44. Admits the allegations contained in paragraph 44 to the extent supported by the relevant audit report, which is the best evidence of its contents; otherwise denies.

45. Admits the allegations contained in paragraph 45 to the extent supported by the relevant audit report, which is the best evidence of its contents; otherwise denies.

46. Admits the allegations contained in paragraph 46 to the extent supported by the relevant audit report, which is the best evidence of its contents; otherwise denies.

47. Admits the allegations contained in paragraph 47 to the extent supported by the relevant audit report, which is the best evidence of its contents; otherwise denies.

48. Admits the allegations contained in paragraph 48 to the extent supported by the relevant audit report, which is the best evidence of its contents; otherwise denies.

49. Admits that plaintiff paid the stated amount on or about the stated date; avers that plaintiff paid this amount in response to a demand for uncollected <u>or</u> <u>unremitted</u> user fees.

50. Admits the allegations contained in paragraph 50 to the extent supported by the relevant audit report, which is the best evidence of its contents; otherwise denies.

51. Admits the allegations contained in paragraph 51 to the extent supported by the relevant audit report, which is the best evidence of its contents; otherwise denies.

52. Admits the allegations contained in paragraph 52 to the extent supported by the relevant audit report, which is the best evidence of its contents; otherwise denies.

53. Admits; avers that the cited decision in <u>American Airlines</u> was interlocutory.

54. Admits the allegations contained in paragraph 54 to the extent supported by the relevant audit report, which is the best evidence of its contents; otherwise denies.

55. Admits the allegations contained in paragraph 55 to the extent supported by the relevant audit report, which is the best evidence of its contents; otherwise denies.

56. Denies for lack of information sufficient to form a response.

57. Admits.

58. Admits the allegations contained in paragraph 58 to the extent supported by the relevant audit report, which is the best evidence of its contents; otherwise denies.

59. Admits the allegations contained in paragraph 59 to the extent supported by the relevant audit report, which is the best evidence of its contents; otherwise denies.

60. Admits the allegations contained in paragraph 60 to the extent supported by the relevant audit report, which is the best evidence of its contents; otherwise denies.

61. Admits that plaintiff paid the stated amount on or about the stated date; avers that plaintiff paid this amount in response to a demand for uncollected <u>or</u> <u>unremitted</u> user fees.

62. Admits the allegations contained in paragraph 62 to the extent supported by the relevant audit report, which is the best evidence of its contents; otherwise denies.

63. Admits the allegations contained in paragraph 63 to the extent supported by the relevant audit report, which is the best evidence of its contents; otherwise denies.

64. Admits the allegations contained in paragraph 64 to the extent supported by the relevant audit report, which is the best evidence of its contents; otherwise denies.

65. Admits the allegations contained in paragraph 65 to the extent supported by the relevant audit report, which is the best evidence of its contents; otherwise denies.

66. Admits the allegations contained in paragraph 66 to the extent supported by the relevant audit report, which is the best evidence of its contents; otherwise denies.

67. Admits that plaintiff paid the stated amount on or about the stated date; avers that plaintiff paid this amount in response to a demand for uncollected <u>or</u> <u>unremitted</u> user fees.

68. Admits the allegations contained in the first sentence of paragraph 68 to the extent supported by the audit report, which is the best evidence of its contents; otherwise denies the allegations contained in that sentence. Admits the allegations contained in the second sentence of paragraph 68.

69. Admits the allegations contained in paragraph 69 to the extent supported by the relevant audit report, which is the best evidence of its contents; otherwise denies.

70. Admits the allegations contained in paragraph 70 to the extent supported by the relevant audit report, which is the best evidence of its contents; otherwise denies.

71. Admits the allegations contained in paragraph 71 to the extent supported by the relevant audit report, which is the best evidence of its contents; otherwise denies.

72. Admits the allegations contained in paragraph 72 to the extent supported by the relevant audit report, which is the best evidence of its contents; otherwise denies.

73. Admits the allegations contained in paragraph 73 to the extent supported by the relevant audit report, which is the best evidence of its contents; otherwise denies.

74. Admits that plaintiff paid the stated amount on or about the stated date; avers that plaintiff paid this amount in response to a demand for uncollected <u>or</u> <u>unremitted</u> user fees.

75. Admits the allegations contained in the first sentence of paragraph 75 to the extent supported by the audit report, which is the best evidence of its contents; otherwise denies the allegations contained in that sentence. Admits the allegations contained in the second sentence of paragraph 75.

76. Admits the allegations contained in paragraph 76 to the extent supported by the relevant audit report, which is the best evidence of its contents; otherwise denies.

77. Admits the allegations contained in paragraph 77 to the extent supported by the relevant audit report, which is the best evidence of its contents; otherwise denies.

78. Admits the allegations contained in paragraph 78 to the extent supported by the relevant audit report, which is the best evidence of its contents; otherwise denies.

79. Admits; avers that the cited decision in American Airlines was interlocutory.

80. Admits the allegations contained in paragraph 80 to the extent supported by the relevant audit report, which is the best evidence of its contents; otherwise denies.

81. Admits the allegations contained in paragraph 81 to the extent supported by the relevant audit report, which is the best evidence of its contents; otherwise denies.

82. Denies for lack of information sufficient to form a response.

83. Admits.

84. Admits the allegations contained in paragraph 84 to the extent supported by the relevant audit report, which is the best evidence of its contents; otherwise denies.

85. Admits the allegations contained in paragraph 85 to the extent supported by the relevant audit report, which is the best evidence of its contents; otherwise denies.

86. Admits the allegations contained in paragraph 86 to the extent supported by the relevant audit report, which is the best evidence of its contents; otherwise denies.

87. Admits the allegations contained in paragraph 87 to the extent supported by the cited correspondence, which is the best evidence of its contents; otherwise denies.

88. Admits the allegations contained in paragraph 88 to the extent supported by the relevant audit report, which is the best evidence of its contents; otherwise denies.

89. Admits the allegations contained in paragraph 89 to the extent supported by the relevant audit report, which is the best evidence of its contents; otherwise denies.

90. Admits the allegations contained in paragraph 90 to the extent supported by the relevant audit report, which is the best evidence of its contents; otherwise denies.

91. Admits the allegations contained in paragraph 91 to the extent supported by the relevant audit report, which is the best evidence of its contents; otherwise denies.

92. Denies for lack of information sufficient to form a response.

93. Admits the allegations contained in paragraph 93 to the extent supported by the cited correspondence, which is the best evidence of its contents; otherwise denies.

94. Defendant's responses to paragraphs 1-61 are incorporated by reference.

95. The allegations contained in paragraph 95 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

96. The allegations contained in paragraph 96 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

97. The allegations contained in paragraph 97 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

98. Defendant's responses to paragraphs 1-31 and 62-93 are incorporated by reference.

99. The allegations contained in paragraph 99 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

100. The allegations contained in paragraph 100 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

101. The allegations contained in paragraph 101 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

102. Denies that plaintiff is entitled to the relief requested in the "WHEREFORE" paragraph immediately following paragraph 101, or to any relief whatsoever.

103. Denies each and every allegation not previously admitted or qualified.

AFFIRMATIVE DEFENSES

104. Plaintiff's claims are barred wholly or in part by equitable estoppel.

105. Plaintiff's claims are barred wholly or in part by waiver.

WHEREFORE, defendant respectfully requests the Court to enter judgment for defendant, dismiss the complaint, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

s/Jeanne E. Davidson
JEANNE E. DAVIDSON
Director

OF COUNSEL:

ANDREW S. KOSEGI
Attorney
U.S. Customs and Border Protection
Indianapolis, IN

CYNTHIA A. KOCH
Senior Counsel
United States Department of Agriculture
Washington, DC

September 17, 2007

s/Kyle Chadwick
KYLE CHADWICK
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 305-7562
Fax: (202) 305-7644

Attorneys for Defendant

CERTIFICATE OF FILING

I certify that on September 17, 2007, the attached document was filed electronically. I understand that service is complete upon filing and that parties and others may access this filing through the Court's electronic system.

s/Kyle Chadwick