**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| CONTINENTAL AIRLINES, INC.<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | Civil Action No. 06-432C<br>Judge Lawrence S. Margolis |

**PLAINTIFF'S UNOPPOSED MOTION TO STAY PRE-TRIAL PROCEEDINGS**

Plaintiff Continental Airlines, Inc. respectfully moves this Court for a stay of pre-trial proceedings for a period of thirty days, and in support thereof states as follows.

The parties anticipate that, with two exceptions discussed below, they will complete fact discovery by the February 15, 2008, Fact Discovery Cut-off. *See* Doc Nos. 37, 38. One exception involves a discovery dispute regarding the Government's answers to two interrogatories served by Plaintiff seeking information regarding the Government auditors' conclusions during the user fee audits at issue in this case.[1] Plaintiff believes it is necessary to obtain complete answers to these interrogatories before its expert performs its analysis and serves its report, which is currently due on March 17, 2008. The parties have conferred in a good faith effort to resolve the discovery dispute, and the Government has agreed to provide additional interrogatory answers in the near future. Although unlikely, it is possible that the Court might need to resolve the dispute. In either case, however, given the time it may take for the Government to provide its additional answers (and possibly the additional time for the Court

[1] Aside from this issue regarding the two interrogatories, the only other aspect of fact discovery not anticipated to be completed by March 15, 2008, is the completion of a deposition of the Government agencies. The parties have stipulated that this deposition will be completed on February 20, 2008.

to resolve any remaining dispute), it will be difficult for Plaintiff to serve its expert report by the March 17, 2008, deadline.

In addition, after fact discovery is completed, the parties believe there is a substantial possibility that they will be able to stipulate to the number of audit "errors" that represent uncollected fees, and as a result will be able to stipulate to the illegal exaction damages that would result under the Court's previous rulings.[2] Further, even if no such stipulation is reached, the parties believe that after fact discovery is completed, it may be possible that the issue of damages can be determined through summary judgment proceedings.

WHEREFORE, Plaintiff respectfully requests that this Court stay pre-trial proceedings for thirty days, beginning on February 20, 2008, and ending on March 21, 2008, so that the parties may attempt to: (1) resolve their discovery dispute; (2) attempt to stipulate to damages; and (3) if they cannot stipulate as to damages, determine whether the question of damages is suitable for summary adjudication. If the Court grants this stay, the parties will submit a Joint Status Report on or before March 21, 2008, informing the Court of their progress on these matters, and proposing a schedule for further proceedings, if necessary. If before that date the parties: (1) determine that the Court's intervention is required to resolve the discovery dispute; (2) stipulate to damages; or (3) determine that summary judgment proceedings on the question of damages are appropriate, they will inform the Court at such earlier time.

Counsel for the parties have conferred, and the Government does not oppose this Motion.

---

[2] Such a stipulation would be without prejudice to the Government's right to appeal those previous rulings.



821195.1

Respectfully submitted,

/s/ Adam P. Feinberg

Adam P. Feinberg
MILLER & CHEVALIER CHARTERED
655 Fifteenth Street, N.W.
Washington, D.C. 20005
(202) 626-6087
(202) 628-0858 (Facsimile)

Counsel for Plaintiff

Dated: February 15, 2008