IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CONTINENTAL AIRLINES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 06-432C |
| v. | ) | (Senior Judge Margolis) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

REVISED JOINT, CONDITIONAL STIPULATION CONCERNING QUANTUM

In the interest of resolving this litigation as efficiently and as amicably as is practical, and for no other purpose, plaintiff, Continental Airlines, Inc., and defendant, the United States, respectfully stipulate and agree as follows, and subject to the following conditions:

1. Subject to the resolution of defendant's affirmative defenses, which are not addressed or affected by this stipulation, if and only if this Court holds in a written order, which the parties agree would be subject to review on appeal, that: (1) the proper measure of plaintiff's damages for illegal exaction is the difference between (a) the total amount of user fees that were assessed by the agencies, based upon the audits, and were complained of by plaintiff ("the assessment") and (b) the pro rata share of the assessment that is attributable to tickets sampled in the audits for which the Court would find that plaintiff collected a user fee; and that (2) the total amounts of user fees that plaintiff collected and remitted are irrelevant to its damages, see American Airlines, Inc. v. United States, 77 Fed. Cl. 672, 682 (2007), appeal pending, No. 2007-5174 (Fed. Cir.), then the quantum of plaintiff's damages is agreed to be $2,000,000.

2. This stipulation shall not take effect, or shall cease to have effect, and shall not bind either party or any court, if: (i) this Court does not enter the order described above; (ii) the damages methodology described in paragraph 1 is reversed, vacated, modified, or otherwise not

sustained in full on appeal in American Airlines; or (iii) this Court or any reviewing court determines, without reference to this stipulation, that any or all of defendant's affirmative defenses should reduce or preclude an award of damages to plaintiff in this case.

3. The parties have entered into this stipulation solely for this case. Accordingly, the stipulation shall not bind either party, or be cited, or otherwise referred to, in any judicial or administrative proceeding in which either party or its counsel have or may acquire an interest, except as may be necessary to effect the terms of this stipulation.

Respectfully submitted,

s/Adam P. Feinberg
Adam P. Feinberg
MILLER & CHEVALIER CHARTERED
655 15th St., N.W.
Washington, D.C. 20005
(202) 626-2087
(202) 626-5801 (Facsimile)

Counsel for Plaintiff

GREGORY G. KATSAS
Acting Assistant Attorney General

s/Jeanne E. Davidson
JEANNE E. DAVIDSON
Director

s/Kyle Chadwick
KYLE CHADWICK
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L Street, N.W., 8th Floor
Washington, D.C. 20530
Telephone: (202) 616-0476

Attorneys for Defendant

May 23, 2008

CERTIFICATE OF FILING

I certify that on May 23, 2008, the attached document was filed electronically. I understand that service is complete upon filing and that parties and others may access this filing through the Court's electronic system.

s/Kyle Chadwick